Edward Warren GREEN, II, Appellant,

v.

The STATE of Texas, State.

No. 2–95–034–CR.

Court of Appeals of Texas,
Fort Worth.

Oct. 19, 1995.

Henry C. Paine, Jr., Denton, for appellant.

Bruce Isaacks, District Attorney, Denton, for appellee.

Before CAYCE, C.J., and DAY and RICHARDS, JJ.

## OPINION

RICHARDS, Justice.

Appellant, Edward Warren Green, II, appeals his conviction for the offense of failure to identify. TEX.PENAL CODE ANN. § 38.02 (Vernon Supp.1994).

The question we must address is whether a misdemeanor information charging the offense of failure to identify must allege that the defendant had knowledge the person detaining him was a peace officer.

Section 38.02, in pertinent part, provides:

Failure to Identify.

(a) A person commits an offense if he intentionally refuses to give his name, residence address, or date of birth to a peace officer who has lawfully arrested the person and requested the information.

(b) A person commits an offense if he intentionally gives a false or fictitious name, residence address, or date of birth to a peace officer who has:

(1) lawfully arrested the person;

(2) lawfully detained the person; or

(3) requested the information from a person that the peace officer has good cause to believe is a witness to a criminal offense.

TEX.PENAL CODE ANN. § 38.02 (Vernon Supp. 1994).

The information in the instant case, in pertinent part, charged appellant as follows:

[Appellant] ... did then and there intentionally report and give a false and fictitious name to Gregory Jones, a peace officer who had lawfully detained the defendant....

A written motion to quash the information was filed by appellant on grounds the information failed to allege appellant knew Gregory Jones was a peace officer. The trial judge denied the motion following a hearing.

The only case addressing this question is *Ledesma v. State,* 677 S.W.2d 529, 532 (Tex. Crim.App.1984). There, in dicta,[1] Judge McCormick, writing for the majority, stated:

In order to require definiteness and certainty in the statute we hold that in order to convict a citizen for "Failure to Identify as Witness", the State must *plead and prove* that the defendant who refused to identify himself knew that the person requesting the information was a peace officer. Thus the elements of the offense are:

---

1. The issue the Texas Court of Criminal Appeals was required to address in *Ledesma* was not whether the State was required to plead that the defendant knew the person requesting the information was a peace officer. Rather, the issue was whether a trial court could reasonably infer from the stipulated facts particular to that case the requisite intent. In other words, *Ledesma* involved a sufficiency of the evidence issue rather than a pleading issue.

(1) A person,

(2) intentionally refuses to report or gives a false report of his name and residence address,

(3) to a peace officer,

(4) who has lawfully stopped him and requested the information,

(5) knowing that the person requesting the information is a peace officer.

*Id.* at 531–32.

The Texas Court of Criminal Appeals' ruling in *Ledesma* concerning the pleading requirements for the offense of failure to identify, albeit dicta, appears to us to be quite clear—the State must *"plead and prove* that the defendant who refused to identify himself knew that the person requesting the information was a peace officer." *Id.* The fact the majority in *Ledesma* chose to emphasize this rule in highlighted italics is sufficient to convince us that until and unless the Texas Court of Criminal Appeals abandons its prior holding, as a lower court we are obliged to follow the rule set forth in *Ledesma,* notwithstanding the State's thoughtful argument that the reasoning underlying the rule is suspect, and that the "knowledge" element should be necessarily inferred from the information, rather than pleaded.

Appellant's conviction and sentence is reversed and remanded to the trial court for further proceedings consistent with this opinion.