Ramon **SANCHEZ, Jr.,** Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 14–95–00858–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 25, 1996.

---

**3.** Current version at TEX.LAB.CODE ANN. § 451.002 (Vernon Pamph.1996).

Patrick McCann, Houston, for appellant.

Fred Stuart Wilson, Houston, for appellee.

Before LEE, YATES and FOWLER, JJ.

## OPINION

LEE, Justice.

Appellant entered a plea of not guilty before a jury to the offenses of aggravated kidnapping and aggravated assault. TEX. PENAL CODE ANN. §§ 20.04; 22.02 (Vernon 1994 & Supp.1996). He was convicted of only assault. *Id.* § 22.01. The court assessed punishment at one year in jail. In his three points of error, appellant complains that the indictment improperly joined multiple offenses and should have been set aside and that the trial court should have granted him a mistrial after evidence of an extraneous offense was presented, properly objected to, and excluded. We affirm.

A woman testified on behalf of the state that appellant abducted her and took her to his apartment. She testified that he attempted to force her to have oral and anal sex with her, but was unsuccessful because she resisted. She also stated that he repeatedly beat her over a two hour period, but on three different occasions, he allowed her to stop the struggle and clean herself off.

Appellant testified that he did not abduct the woman or beat her. Rather, he testified that she was a prostitute who he picked up and took back to his apartment so that she could smoke some crack and have sex with him. He testified that after they had disrobed, he went to the bathroom. When he exited the bathroom, he discovered her in his closet rifling through his pants pockets. He said that when he confronted her, she took his rent money and attempted to jump through a window. As a result of the ensuing struggle, she was injured and bruised.

The woman talked to the police on the night of incident, but appellant was not immediately arrested. Three and a half months later, she gave a statement to the police and appellant was charged based on that statement.

█ In his first point of error, appellant claims that the state improperly joined two non-property offenses in the same indictment. In three separate paragraphs, the indictment charged appellant with aggravated kidnapping and aggravated assault as a result of the incident. The indictment included two aggravated kidnapping paragraphs, each alleging a different method of committing the offense, and an aggravated

assault paragraph.[1] The jury, however, was charged that it could only find appellant guilty of one of those offenses or the lesser included offenses of assault and kidnapping. The jury was specifically instructed that if it found appellant guilty, it could only find him guilty of one of the four potential offenses. Appellant did not object to the indictment,[2] move for the state to specify which offense it was attempting to pursue or object to the aforementioned jury instructions.

Appellant argues, relying on *Fortune v. State*, 745 S.W.2d 364 (Tex.Crim.App.1988), that aggravated kidnapping and aggravated assault were improperly joined in the same indictment. In addition, he contends that he was not required to object to the error because "the state has no authority to allege more than one offense in a single indictment." Admittedly, *Fortune* holds as appellant contends. However, since the court of criminal appeals announced its decision, the underlying statutory and constitutional provisions have changed.

First, contrary to his argument, appellant was required to object to the indictment or the state's failure to specify which offense it was going to pursue. In *Fortune*, the court stated:

> Since the State had no [authority to combine non-property offenses], any convictions obtained beyond the one offense rule were void. Thus, the defendant did not have to object at trial to preserve the issue for appeal since the error by its nature was fundamental.

*Id.* at 369. The court held that "objections to misjoinder of this variety may be raised at any time." *Id.* at 370. *Fortune*

indicates that a defendant has three options when confronted with misjoined offenses: he may move to quash the indictment before trial, he may request at trial that the state select a single count, or he may urge the error on appeal. *Id.* at 368; *Nolte v. State*, 854 S.W.2d 304, 307 (Tex.App.—Austin 1993, pet. ref'd). The indictment in *Fortune* was returned before article V, section 12(b) of the constitution was adopted and article 1.14(b) of the code of criminal procedure became effective. *See* TEX. CONST. art. V, § 12(b); TEX.CODE CRIM. PROC. ANN. art. 1.14(b) (Vernon Supp.1996); *Fortune*, 745 S.W.2d at 371 (Campbell, J., dissenting). Article 1.14(b) provides that if a defendant does not object to a defect, error, or irregularity of form or substance in an indictment before the date on which trial on the merits begins, he waives the right to object and may not raise the objection on appeal or in any other post-conviction proceeding. Under this newer article, an objection is required to preserve a misjoinder error. *Anderson v. State*, 905 S.W.2d 367, 369–70 (Tex.App.—Fort Worth 1995, pet. ref'd). Thus, the latter two of the three options indicated by the court of criminal appeals in *Fortune* are no longer available to a defendant. *Nolte*, 854 S.W.2d at 308. Under article 1.14, appellant was required to object to the indictment before trial in order to preserve his complaint for appeal.

In addition, since the court of criminal appeals decision in *Fortune*, the definition of "criminal episode" has been changed. When *Fortune* was decided, as well as currently, article 21.24 of the code of criminal procedure provided that:

> Two or more offenses may be joined in a single indictment, information, or com-

---

1. Without the formalities, the indictment read:

 [Appellant] did then and there unlawfully, intentionally and knowingly abduct [Complainant,] without his (sic) consent, with intent to prevent his (sic) liberation by using and threatening to use deadly force, namely a wrench and with intent to violate and abuse the Complainant sexually.
 [Appellant] did then and there unlawfully intentionally and knowingly abduct [Complainant] without his (sic) consent, with intent to prevent his (sic) liberation by secreting and holding the Complainant in a place where the Complainant was not likely to be found and

 with intent to violate and abuse the Complainant sexually.
 [Appellant] did then and there unlawfully intentionally and knowingly cause bodily injury to [Complainant] by using a deadly weapon, namely, a wrench.

2. As discussed in conjunction with point of error two, appellant filed a *pro se* motion to set aside the indictment. However, this motion did not complain of improper joinder. Rather it complained of the severity of charges and that the complainant was identified as a "he" rather than as a "she."

plaint, with each offense stated in a separate count, *if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code.*

Tex.Code Crim. Proc. Ann. art. 21.24(a) (Vernon 1989). Thus, an indictment may combine two or more offenses if the offenses fall within the definition of criminal episode.

When *Fortune* was decided, section 3.01 of the penal code provided:

"criminal episode" means the repeated commission of one offense defined in Title 7 of this code (Offenses Against Property).

Tex. Penal Code Ann. § 3.01 (Vernon 1974), *amended by,* Act of June 17, 1987, 70th Leg., R.S., ch. 387, § 1, 1987 Tex. Gen. Laws 1900, 1900 (current version at Tex. Penal Code Ann. § 3.01 (Vernon 1994)). Thus, under the definition applicable when *Fortune* was decided, only offenses against property were susceptible to being joined in one indictment. The classic example of multiple property offenses would be repeated thefts.

However, "criminal episode" is currently defined in penal code section 3.01 as:

[T]he commission of two or more offenses, *regardless of whether the harm is directed toward or inflicted upon more than one person or item of property,* under the following circumstances:

(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

(2) the offenses are the repeated commission of the same or similar offenses.

Tex. Penal Code Ann. § 3.01 (Vernon 1994) (emphasis added). Thus, reading the current versions of article 21.24 and section 3.01 together, it is permissible for the state to join two or more offenses in a single indictment if the offenses are part of the same transaction or if the offenses are part of a common scheme or plan. Thus, the statutory underpinnings of *Fortune* have been amended and it is currently permissible for the state to alleged non-property offenses in the same indictment. *See Watson v. State,* 900 S.W.2d 60, 62–63 (Tex.Crim.App.1995) (joinder of two drug offenses in same charging instrument is permissible under the health and safety code). Therefore, we find that it was not error for the indictment to include two different offenses in three paragraphs.

■ Finally, even if it was error to join the offenses in one indictment, it was not reversible error because the jury was instructed that it could only find appellant guilty of one of the four offenses presented to it. *See Ponder v. State,* 745 S.W.2d 372 (Tex.Crim.App.1988) (any error in misjoinder in indictment was not reversible error because jury instruction limited jury to returning a guilty verdict on only one offense).

In summary, because appellant failed to object to the alleged misjoinder of offenses in the indictment, he failed to preserve any error which may have been present. In addition, because both of the offenses alleged in the indictment stem from the same incident, it was permissible for the state to allege both of the offenses in the same indictment. Finally, if the offenses were misjoined, any error that resulted was not reversible error because the jury was only allowed to find appellant guilty of one of the potential offenses. Accordingly, we overrule appellant's first point of error.

In his second point of error, appellant contends that the trial court should have granted his motion to set aside the indictment. Prior to trial, appellant filed a *pro se* motion to set aside the indictment. In this motion, he complained of the severity of the charges and that the complainant was referred to as a male throughout the indictment rather than as a female. On appeal, appellant raises three arguments why the indictment should have been set aside:

1. the indictment failed to provide adequate notice;

2. there was a fatal variance between [the] identity of the alleged victim in the indictment and at trial; and

3. the indictment lacked the required certainty.

The first and third of these arguments are founded on the argument contained in his first point of error, the indictment improperly joined two offenses. We held that the

offenses were not improperly joined and as a result we will not address his first and third contentions in support of this point of error.

■ The second contention revolves around the fact that the indictment refers to the victim as a male. The victim who testified against appellant at trial was a woman. Appellant asserts that the state must properly identify the victim of a crime and that the state failed to do so or to correct the indictment when presented with a proper motion.

■ Under article 21.11, an indictment is sufficient if it contains the elements of the offense charged, fairly informs the defendant of charges he must prepare to meet, and enables the defendant to plead acquittal or conviction in bar to future prosecution for the same offense. TEX.CODE CRIM. PROC. ANN. art. 21.11 (Vernon 1989); *Smith v. State,* 873 S.W.2d 66, 71 (Tex.App.—Tyler 1993, pet. ref'd). An indictment may be sufficient even if it fails to contain the name of the victim if the defendant is provided with notice and the failure did not adversely effect his ability to prepare a defense. *See Burks v. State,* 876 S.W.2d 877, 889 (Tex.Crim.App.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 909, 130 L.Ed.2d 791 (1995).

The indictment tracked the language used in the penal code for each offense. The indictment also contained the actual name of the victim and she appeared and testified against appellant. Finally, appellant demonstrated in his motion that he knew the victim was a female.[3] There is no indication that appellant was not provided with sufficient notice of who the victim was or that the use of the masculine in the indictment rather than the feminine prejudiced his ability to prepare a defense. Accordingly, we overrule appellant second point of error.

Next, appellant maintains that the trial court should have granted him a mistrial after the trial court sustained his objection to extraneous offense testimony which violated a motion in limine. During its case-in-chief, the state elicited the testimony of one of appellant's neighbors. The neighbor testified that he was awakened by repeated "bumping" coming from appellant's apartment. He also heard a woman screaming, "don't kill me." He testified that this continued for approximately thirty minutes before the police arrived. Near the conclusion of the prosecutor's direct examination, the following exchange took place:

[Prosecutor]: Did you call the police that time?

[Neighbor]: I did not.

[Prosecutor]: And why didn't you call the police?

[Neighbor]: Well, this had happened several times and I called the officers and they never did show up.

[Prosecutor]: Have you ever heard a woman scream from that apartment before?

[Neighbor]: Just a week before it was one screaming and hollering.

[Prosecutor]: And what happened with that?

[Defense Counsel]: Judge, I object as irrelevant.

The Court: Sustained.

Appellant did not request any additional relief. Similarly, during re-direct examination by the state, the neighbor testified:

[Prosecutor]: Did you go out and see—after the police came on December 30th, 1994 did you go out and see the lady?

[Neighbor]: I did not go out to see her. I stood in the door. I told the officer, I said I want to see this lady.

[Prosecutor]: And why did you want to see her?

[Neighbor]: I said I want to make sure is this the fool came back to get some more because he had just beat one up the week before.

[Defense Counsel]: Object.

[The Court]: Sustained.

After the trial court sustained appellant's objection, pursuant to a request by appellant, the trial court instructed the jury to disregard the neighbor's answer. During a bench conference between the attorneys and the court, appellant requested a mistrial. After

**3.** Appellant's motion states, "The use of the term "his" throughout (the indictment) to refer to the complainant is confusing, (sic) since the complainant is not of that gender."

listening to the arguments of counsel, the trial court denied the request for a mistrial.

In the two noted instances, appellant received all of the relief that he requested except for a mistrial. The trial court promptly ruled on appellant's objections and properly instructed the jury to disregard the testimony when requested. When confronted with this type of situation the court of criminal appeals has stated:

> Error in the admission of improper testimony is usually cured by the trial court's instruction to the jury to disregard, "except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds."

*Coe v. State,* 683 S.W.2d 431, 436 (Tex.Crim. App.1984) (quoting *Koller v. State,* 518 S.W.2d 373, 375 (Tex.Crim.App.1975)); *see also Richards v. State,* 912 S.W.2d 374, 378 (Tex.App.—Houston [14th Dist.] 1995, pet. ref'd). Because there is no indication in the record that the questions were intended to inflame the minds of the jury, we find that the error was cured by the trial court's instruction to disregard. Accordingly, we overrule appellant's third point of error and affirm the judgment of the trial court.