**Edward Warren GREEN II, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1380–95.**

Court of Criminal Appeals of Texas,
En Banc.

June 4, 1997.

Henry C. Paine, Jr., Denton, for appellant.

Dawn A. Moore, Asst. District Attorney, Denton, Matthew Paul, State's Atty., Jeffrey L. Van Horn, Asst. State's Atty., Austin, for State.

### OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

KELLER, Judge.

The trial court convicted appellant of the offense of failure to identify. Texas Penal Code § 38.02.[1] Relying on *Ledesma v. State,* 677 S.W.2d 529 (Tex.Crim.App.1984), the Court of Appeals held that the trial court erred in denying appellant's motion to quash the information. *Green v. State,* 908 S.W.2d 615 (Tex.App.—Ft. Worth 1995). We granted the State's petition for discretionary review to determine whether a misdemeanor information charging an offense under § 38.02 must contain an allegation that the accused knew the person requesting information was a peace officer. We will affirm.

I.

Section 38.02(b), establishes that giving false or fictitious identification to a peace officer is a misdemeanor:

(b) A person commits an offense if he intentionally gives a false or fictitious name, residence address, or date of birth to a peace officer who has:

(1) lawfully arrested the person;

(2) lawfully detained the person; or

(3) requested the information from a person that the peace officer has good cause to believe is a witness to a criminal offense.

Sec. 38.02(b).

In *Ledesma,* this Court interpreted § 38.02 to include an additional element. *Ledesma,* 677 S.W.2d at 532. We held "that in order to convict a citizen (under Sec. 38.02), the State must *plead and prove* that the defendant who refused to identify himself knew the person requesting the information

---

1. Subsequent references to sections refer to the Texas Penal Code unless otherwise indicated.

was a peace officer." *Id.* (emphasis in original).[2] We reasoned that it would render the statute unconstitutional to hold otherwise. *Id.*

In the present case, the information failed to allege that appellant knew the requesting person was a peace officer. Appellant filed a motion to quash the information, which the trial court denied. The Court of Appeals, adhering to the language employed in *Ledesma*, held that the State failed to meet the pleading requirement for § 38.02 and it reversed and remanded the conviction. *Green v. State*, 908 S.W.2d at 616.

## II.

In its petition for discretionary review, the State initially argues that our language in *Ledesma* concerning pleading was dicta. The State correctly notes that there was no issue in *Ledesma* regarding the sufficiency of the State's pleadings. The sole issue was whether the stipulated facts of the case were sufficient to support a finding that the defendant knew the person to whom he refused identification was a peace officer. Therefore, the State argues that it was not necessary for this Court to address pleading requirements in *Ledesma*.

Alternatively, the State argues that if it is necessary to allege the knowledge requirement, it has met that burden by tracking the statutory language. The State argues that the language employed in the statute, when construed in light of other statutes in Chapter 38 of the Penal Code, necessarily includes the concept of knowledge regarding the requesting individual's status. Additionally, the State argues that because § 38.02(b)(2) uses the language "lawfully detained," it inherently includes the knowledge requirement. This is so, the State contends, because only a peace officer may lawfully detain an individual.

## III.

■ We begin by noting that the portion of *Ledesma* holding that the State must *prove* the knowledge element was properly decided. *See Ledesma*, 677 S.W.2d at 532. Indeed, a defendant does not commit an offense unless he knows that the person requesting information is a peace officer. *Id.* The State concedes as much in its brief. We also, however, agree with the State that our statement concerning pleading was dicta. Therefore, that issue remains for our determination.

■ As a general rule, any element that must be proved should be stated in an indictment. *See* Tex.Code Crim. Proc. Ann. art. 21.03 (Vernon 1989); *Dinkins v. State*, 894 S.W.2d 330, 338 (Tex.Crim.App.1995); *Ex parte Elliott*, 746 S.W.2d 762, 764 (Tex.Crim. App.1988). This rule applies to an information. Tex.Code Crim. Proc. Ann. art. 21.23 (Vernon 1989). While the wording of § 38.02, as compared with that of § 38.03 and § 38.04, lends some support to the State's contention, ultimately the argument is unpersuasive.[3] Whether an element of an offense may be inferred from the language employed is not the question. In the face of a proper motion to quash, the information must state the elements of the offense, leaving nothing to inference or intendment. *See, e.g., Chance v. State*, 563 S.W.2d 812, 814–15 (Tex.Crim.App.1978).

■ We hold that in a prosecution under § 38.02, the State must allege that the person who refused to give identification or gave false identification knows the individual requesting the identification is a peace officer. The trial court therefore erred in overruling appellant's motion to quash the information.

The Court of Appeals' reliance on *Ledesma* was proper for the reasons stated in this

---

**2.** Although the present case addresses a different version of § 38.02 than that addressed in *Ledesma*, the issues are identical for the purposes of the State's petition. In both cases the issue is whether the defendant/appellant knew the individual requesting identification was a peace officer.

**3.** Section 38.03 makes it an offense for one to intentionally obstruct "a person he knows is a peace officer" from effecting an arrest, search or transportation. Likewise, § 38.04 makes it an offense for one to flee from "a person he knows is a peace officer attempting" to arrest him.

opinion. Therefore, the judgment of the Court of Appeals is AFFIRMED.