COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 


 
 
  
 JIMMY PAUL
 WOOLDRIDGE,
  
                             Appellant,
  
 v.
  
 THE STATE OF
 TEXAS,
  
                             Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-02-00023-CR
  
 Appeal from the
  
 86th District Court
  
 of Kaufman County, Texas 
  
 (TC# 20582) 
  
 
 


O P I N I O N

 

Jimmy Paul Wooldridge appeals from
his conviction for aggravated assault. 
Wooldridge pleaded guilty to the indictment and chose to be sentenced by
a jury.  The jury sentenced Wooldridge to
eighteen years= confinement in the Institutional
Division of the Texas Department of Criminal Justice and assessed a fine of
$10,000.  We affirm.

Facts








After finishing his shift at 6 p.m.
on February 8, 2001, Officer Edward Black, police officer for the City of
Kaufman, was driving home from work.  He
drove his personal vehicle but was still wearing his uniform.  He heard dispatch over his portable radio
reporting a possible drunk or reckless driver in a green and white pickup.  Officer Black then saw the green and white
pickup nose down in a ditch.  He pulled
over to the side of the road and radioed the accident to dispatch.  Police officers are required to act if they
see a dangerous situation, whether they are on duty or off duty.

While Officer Black was checking to
see if anyone was in the vehicle, he heard a scream at a nearby gas
station.  When he looked toward the gas
station, he saw a white male, Mr. Jimmy Wooldridge, standing by a car pounding
on it with both fists.  The car Apeeled off@ and the man that was banging on the
car stumbled out into the road.  Officer
Black then pulled up behind Wooldridge and called dispatch with a request for
assistance.      As Officer Black was getting out of his car to keep Wooldridge
from going into the road, Wooldridge came toward him with a knife saying, AYou need something, cop?  I got something for you, cop.  I got something for you, cop.@ 
Wooldridge then lunged at Officer Black with the knife, but the officer
caught his wrist.  As the officer was
pulling his weapon with the other hand, he lost his balance and fell back into
his car.  He then found the assailant on
top of him in the car with the knife yelling, AI=m going to kill you, cop.  I=m going to kill you.  You kill me or I=m going to kill you.@ 
Officer Black managed to pin Wooldridge=s wrist to the top of the car with
one hand, and held his gun to the assailant=s stomach with the other.  He then moved his gun to the attacker=s neck, reasoning that he would be
able to avoid hitting an onlooker.








Wooldridge continued lunging with the
knife as the officer held his wrist. 
Since they were both sweating, Officer Black began to lose his grip on
Wooldridge=s wrist.  With his gun at the assailant=s throat, Black closed his eyes and Agot ready to pull the trigger.@ 
At that moment, he heard sirens, knew the other officers had arrived,
and eased his finger off the trigger.

Officer Douglas Barker then
approached behind Wooldridge.  Officer
Black directed him to reach in and get the knife from Wooldridge.  He slid his hand down Wooldridge=s arm and grabbed the knife.  At that time, Sergeant Johnny Gilmore grabbed
Mr. Wooldridge from behind and pulled him out of the car.  The entire struggle in the car took about a
minute and a half to two minutes.








Wooldridge was indicted for the
attack on Officer Black.  He did not deny
the facts and pleaded guilty to the indictment. 
Before the jury on punishment, Wooldridge testified that he just
snapped.  He was having a difficult time
with an injury that put him out of work, there was financial strain, and he had
discovered that his wife had growths in her throat that they feared were
cancerous.  For his injury and depression
he was taking a number of medications. 
That afternoon, Wooldridge was feeling particularly depressed so he went
to his brother-in-law=s to talk and drink a few beers.  Feeling even more depressed, he then left to
head home.  He was the driver of the
green and white truck that originally called Officer Black=s attention to the scene.  The tire had blown, and because of the injury
or the medication, Wooldridge could not repair it by himself.  Frustrated, he just drove on the rim until
the steering went out and the tire went into the ditch.  As he walked away from the truck, a boy
started giggling and making fun of him. 
That was the driver of the car that the officer saw Wooldridge banging
on before it sped away.  By the time
Wooldridge encountered Officer Black, he was so enraged and unhappy about his
life in general, he claims, that he really did want the officer to shoot him.

The indictment was sufficient to warrant a charge to

the jury with the punishment range for a first-degree
felony

 

In his sole point of error,
Wooldridge claims that the trial court erred in charging the jury that the
offense was a first-degree felony, a complaint of construction and notice
rather than of defect or variance. 
Appellant points out that the necessary allegation that Wooldridge knew
that Officer Black was an officer is missing from the indictment.  See Zubia v. State, 998 S.W.2d 226,
229 (Tex. Crim. App. 1999) (Meyers, J., dissenting).  Section 22.02 of the Texas Penal Code directs
that aggravated assault is a second-degree felony unless one of three
situations exists.  Tex. Penal Code Ann. ' 22.02(b) (Vernon 1994).  Among those three situations is section
22.02(b)(2):

(b)       An
offense under this section is a felony of the second degree, except that the
offense is a felony of the first degree if the offense is committed:

 

.    .    .

 

(2)              
against a person the actor knows is a public servant
while the public servant is lawfully discharging an official duty, or in
retaliation or on account of an exercise of official power or performance of an
official duty as a public servant.

 

Tex.
Penal Code Ann. '
22.02(b)(2).








Here, the indictment reads:

JIMMY PAUL WOOLDRIDGE . . . did then
and there intentionally and knowingly threaten EDWARD BLACK with imminent
bodily injury and did then and there use or exhibit a deadly weapon,
to-wit:  a knife, that in the manner of
its use or intended use is capable of causing death or serious bodily injury,
during the commission of said assault and the said EDWARD BLACK was then and
there a public servant acting under color of his office, to-wit:  a City of Kaufman, Texas, police officer. . .
.

 

This is not a dispute over whether
or not Wooldridge actually knew Officer Black was a police officer, rather he
claims that the indictment does not support the charge of a first- degree
felony.  Counsel for the defense never
filed a written motion to quash the indictment, but he did object the morning
of voir dire to charging Wooldridge with a first- degree felony.  The trial judge overruled the objection
explaining, Aif your
question is what degree, if he=s
found guilty, I=m going
to charge the jury on first degree punishment.@  Counsel then explained that he would object
at the time the jury was charged.  Later
that afternoon, after the jury had been selected, the judge properly admonished
Wooldridge and received a plea of guilty. 
The next morning, before taking testimony from the witnesses in the
sentencing phase before the jury, the judge ensured that Wooldridge knew the
range of punishment he would be exposed to included Afive
to 99 years in the penitentiary or life imprisonment and a fine not to exceed
$10,000,@ the
range for a first-degree felony.  Tex. Penal Code Ann. ' 12.32 (Vernon 1994).  Wooldridge maintained his plea of guilty.








Thus, Wooldridge
claims that the indictment did not allege a first-degree felony range of
punishment because it does not include the critical element that Wooldridge knew
that Officer Black was a public servant discharging official duties.  We agree that the indictment, although
stating that Officer Black at the time of the assault Awas
then and there a public servant acting under color of his office, to-wit:  a City of Kaufman, Texas, police officer,@ it does not allege that the defendant knew
of that fact.    








We review this
issue under a two-step review.  Almanza v. State, 686 S.W.2d 157, 171
(Tex. Crim. App. 1984), cert. denied, 481 U.S. 1019, 107 S.Ct. 1901, 95
L.Ed.2d 507 (1987), superceded by Rodriguez v. State, 758 S.W.2d
787, 788 (Tex. Crim. App. 1988); Evans v. State, 945 S.W.2d 153, 155
(Tex. App.--El Paso 1997, no pet.). 
First, we determine whether there was actual charge error, and if so, we
then determine whether sufficient harm resulted to require reversal.  Evans, 945 S.W.2d at 155 (citing Almanza,
686 S.W.2d at 171; Abdnor v. State, 871 S.W.2d 726, 732 (Tex. Crim. App.
1994)).      Here the jury was charged to
assess punishment as a first-degree felony. 
The starting point for this Court is to determine if the indictment
justifies such a charge.  Construction of
an indictment is a matter of law, which we review de novo.  Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997).  We conclude that
the indictment does support the first-degree element charge.  In general, an indictment must plead each
element that must be proven at trial.  Tex. Code Crim. Proc. Ann. art. 21.03
(Vernon 1989); Green v. State, 951 S.W.2d 3, 4 (Tex. Crim. App.
1997).  An indictment must contain the
elements of the offense charged, fairly inform the defendant of the charges he
must prepare to meet, and enable the defendant to plead acquittal or conviction
in bar to future prosecution for the same offense.  Tex.
Code Crim. Proc. Ann. art. 21.11 (Vernon 1989); Harrison v. State,
76 S.W.3d 537, 539 (Tex. App.--Corpus Christi 2002, no pet.) (citing Sanchez
v. State, 928 S.W.2d 255, 259 (Tex. App.--Houston [14th Dist.] 1996, no
pet.)).








At a minimum, the
indictment must be sufficient to give notice of what offense the State is
alleging so the controlling penal provision can be identified.  Fisher v. State, 887 S.W.2d 49, 55
(Tex. Crim. App. 1994), overruled on other grounds by Malik v. State,
953 S.W.2d 234 (Tex. Crim. App. 1997). 
The resulting instructions to the jury are then considered in light of
the indictment and the applicable section of the Texas Penal Code and a
hypothetically correct jury charge.  See
Fisher, 887 S.W.2d at 55-56; Malik, 953 S.W.2d at 239-40.  Although the issues here are not the same as
those in Fisher or Malik, the issues of notice and the
relationship of the indictment to the applicable statute in those cases are
instructive in the determination of Wooldridge=s
petition to this Court.  When construing
an indictment, we read the indictment as a whole, applying practical, rather
than technical considerations.  Harrison,
76 S.W.3d 539 (citing Oliver v. State, 692 S.W.2d 712, 714 (Tex. Crim.
App. 1985); Soto v. State, 623 S.W.2d 938, 939 (Tex. Crim. App.
1981)).  However, the indictment must not
leave anything to inference or intendment. 
Green, 951 S.W.2d at 4 (citing Chance v. State, 563 S.W.2d
812, 814-15 (Tex. Crim. App. 1978)).

Comparing this
indictment with the language of section 22.02(b), it is clear that a perfect
indictment would have said that Wooldridge knew Officer Black was a
public servant discharging an official duty. 
Article 21.11, however, does not require a perfect indictment.  The reading of the indictment that Wooldridge
proposes, however, would leave the last clause of the indictment as an
irrelevant, additional fact.  Some
significance must be given to this clause.

We find defendant=s reliance on the Green case
misplaced.  See Green, 951 S.W.2d
at 4.  There, defendant was indicted for
failure to identify himself to a police officer, which he moved to quash
because it failed to allege that he knew the person to whom he refused to
identify himself was a police officer.  Id.  The Court of Criminal Appeals agreed that the
indictment was subject to a motion to quash as knowledge the requesting person
was a peace officer was necessary to even make the acts alleged a crime.  Id. at 4-5.








Here, in
contrast,  the dispute is not over a
motion to quash.  What the indictment
alleged against Wooldridge is a crime, the only dispute is whether the
aggravated assault constitutes a first- or second-degree felony.  Moreover, the indictment puts Wooldridge on
notice that Officer Black=s
status as a public servant is significant to the crime with which he was
charged.  We find Wooldridge did have
proper notice that he was facing the range of punishment for a first-degree
felony.  Wooldridge was given the opportunity
to change his plea, but declined to do so, even in the face of the trial court=s admonition that he would face a
punishment range of five to ninety-nine years.

Although this
indictment is certainly subject to criticism, and under other circumstances we
might be constrained to hold it did not provide sufficient notice, under the
facts here we find it does not offend either the limits of article 21.11 of the
Texas Code of Criminal Procedure or the dictates of Green.  We therefore hold that read as a whole, and
taken together with the trial court=s
specific admonishments that the punishment range would be for a first-degree
felony, we find this indictment adequately charged Wooldridge with aggravated
assault as a first-degree felony. 
Wooldridge=s sole
point of error is overruled.

The judgment
should be reformed to reflect

the use or
exhibition of a deadly weapon

 








In a single
cross-point, the State requests that the judgment be reformed to reflect the
use or exhibition of a deadly weapon. 
The indictment clearly alleges that a deadly weapon was used in the
commission of the offense under section 22.02. 
When Wooldridge pleaded guilty to the indictment, he admitted each of
the facts there alleged.  Under Texas
Rules of Appellate Procedure rule 43.2(b), the Court of Appeals has the power
to modify the judgment of the trial court when the record contains sufficient
information to do so.  Tex. R. App. P. 43.2(b); Bigley
v. State, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993).  Because the judgment fails to reflect the
admission of use of a deadly weapon, we should reform the judgment to include
the finding of a deadly weapon.  The State=s cross-point is sustained.

Conclusion

The judgment of
the trial court is affirmed, with instructions that it be modified to include a
deadly weapon finding.

 

SUSAN LARSEN, Justice

January 23, 2003

 

Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.

 

(Do Not Publish)