Affirmed and Memorandum Opinion filed July 10, 2003















Affirmed and
Memorandum Opinion filed July 10, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00749-CR

_______________

 

SANTOS JUNIOR SORIA,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_________________________________________________

 

On Appeal from 338th District Court

Harris County, Texas

Trial Court Cause No. 893,476

_________________________________________________

 

M E M O R A N D U M   O P I N I O
N

            Appellant, Santos Soria, pleaded no contest to felony assault of a family
member.  He contends on appeal that the trial
court erred in overruling his motion to quash the indictment because he and the
victim, Desiree Barrera, were not family members at the time of the
assault.  We affirm.  

Background

            Appellant was previously convicted
of assaulting a family member and felony possession of a controlled
substance.  In this case appellant
entered a plea of no contest and was convicted of assaulting a family
member.  Appellant’s punishment was seven
years’ confinement.  Prior to pleading no
contest, appellant filed a motion to quash the indictment, which is the basis
of this appeal. 

                                                        Preliminary Issues

            The State initially argues that we
should not consider appellant’s issue because (1) it is multifarious and (2)
appellant has failed to comply with former Rule 25.2(b)(3)(B) of the Rules of
Appellate procedure (in effect when appellant filed his notice of appeal).  First, under Rule 38.9, we must construe
appellant’s brief liberally.  See Tex.
R. App. P. 38.9; White v. State, 50 S.W.3d 31, 45 (Tex.
App.—Waco 2001, pet. ref’d).  Accordingly, we find that appellant
sufficiently briefed his issue, and we therefore will address his
arguments.  Second, former Rule
25.2(b)(3)(B) required an appellant, who pleaded no contest pursuant to a plea
bargain, to specify in a notice of appeal that “the substance of the appeal was
raised by written motion and ruled on before trial.”  In his notice of appeal, appellant stated
that he intended to appeal “the denial of his pretrial motion ruled on [before]
trial, followed by a no contest plea pursuant to plea bargain.”  Further, appellant raised the issue that he
now appeals in his motion to quash. 
Appellant has substantially complied with former Rule 25.2(b)(3)(B).  See Johnson v. State, 84 S.W.3d 658, 660
(Tex. Crim. App. 2002) (notices of appeal must
“substantially comply” with Rule 25.2(b)(3) to invoke
the jurisdiction of the Court of Appeals).

Motion To Quash

            In his sole issue, appellant
contends that he and the victim were not family or household members at the
time of the assault.  Consequently, he
contends he cannot be convicted of felony assault as contemplated in section
22.01(e)(2) of the penal code.  Tex. Pen. Code Ann. § 22.01(e)(2)
(Vernon Supp.
2003).  However, determination of whether
appellant and the victim were household members is an evidentiary matter to be
proved at trial.  A trial court must
decide the merits of a motion to quash an indictment from the four corners of
the indictment, not from evidence outside the indictment.  See State v. Rosenbaum, 910 S.W.2d 934, 947–48 (Tex. Crim. App. 1994) (op. on reh’g).  An indictment “can neither be supported nor
defeated as such by what evidence is introduced at trial.”  Id.  Because determination of appellant’s motion
requires determination of an evidentiary issue, the trial court did not err in
overruling the motion to quash.  

            Additionally, a motion to quash
should be granted only when the language in an indictment is so vague or
indefinite that it denies the defendant effective notice of the crime with
which he is charged.  Daniels v. State, 754 S.W.2d 214, 217
(Tex. Crim. App. 1988).  Thus, an indictment must (1) contain the
elements of the offense charged; (2) fairly inform the defendant of charges he
must prepare to meet; and (3) enable the defendant to plead acquittal or conviction
in bar to future prosecution for the same offense.  Tex. Code Crim. Proc. Ann. art. 21.11
(Vernon 1989); Sanchez v. State, 928
S.W.2d 255, 259 (Tex. App.—Houston [14th Dist.] 1996, no pet.).  With rare exceptions, an indictment is
legally sufficient if it tracks the language of the applicable section of the
penal code.  See State v. Edmond, 933 S.W.2d 120, 127 (Tex. Crim. App. 1996); DeVaughn v. State, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988). 
Lastly, the State is not required to plead evidentiary facts that are
not essential for proper notice.  Daniels, 754 S.W.2d at
218.

            In this case, the grand jury alleged
in the indictment that appellant “unlawfully, intentionally, and knowingly
caused bodily injury to Desiree Barrera, a member of his household, by striking
the complainant with his hands.”  In the
indictment, the grand jury described four means in which appellant assaulted
the complainant.  Lastly, included in the
indictment was appellant’s previous conviction for assault of a household
member.  Thus, it sufficiently tracked
the language in the applicable section of the penal code.  See
Tex. Pen. Code
Ann. § 22.01(a)-(b)(2) (Vernon Supp.
2003).  On its face, the indictment
provided notice with sufficient clarity and detail for appellant to anticipate
the State’s evidence and prepare a proper defense.  See
Garcia v. State, 981 S.W.2d 683, 685 (Tex. Crim. App. 1998). 

            Accordingly, we hold that the trial
court did not err in overruling appellant’s motion to quash.  We overrule appellant’s sole issue and affirm
the trial court’s judgment. 

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed July 10, 2003.

Panel
consists of Justices Anderson, Seymore, and Guzman.

Do Not
Publish — Tex. R. App.
P. 47.2(b).