# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60379
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 5, 2014

Lyle W. Cayce
Clerk

RAFAEL RIVAS MANCIAS,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 944 719

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rafael Rivas Mancias (Rivas), a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals (BIA) finding him ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1). He does not brief any challenge to the determination that he was ineligible for voluntary departure. Accordingly, he has abandoned any challenge to that ruling. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60379

Rivas argues that, contrary to the BIA's decision, his prior conviction under Texas Penal Code § 38.02 is not a crime involving moral turpitude (CIMT) as set forth in 8 U.S.C. § 1227(a)(2) and thus does not bar his eligibility for cancellation of removal under § 1229b(b)(1).  Additionally, he contends that, to prevail before the BIA, he should not have been required to cite a published or unpublished case to show that § 38.02(b) had been applied previously to conduct not involving moral turpitude.

We have jurisdiction to review questions of law, including whether an offense is a CIMT.  8 U.S.C. § 1252(a)(2)(D); *Garcia-Maldonado v. Gonzales*, 491 F.3d 284, 287-88 (5th Cir. 2007).  This court and the BIA employ separate analytical paths to determine whether an alien's prior offense constitutes a CIMT.  *See Nino v. Holder*, 690 F.3d 691, 694-95 (5th Cir. 2012) (comparing this court's categorical analysis and the BIA's analysis, which is derived from *Matter of Silva-Trevino*, 24 I. & N. Dec. 687, 696-99 (A.G. 2008)); *see also Silva-Trevino v. Holder*, ___ F.3d ___, 2014 WL 341213, at *1, 7 (5th Cir. 2014) (holding that the last prong of the analysis set forth in *Silva-Trevino*, 24 I. & N. Dec. at 699, which is not at issue herein and permits the adjudicator to look beyond the alien's record of conviction in reviewing a prior offense, was impermissible under this court's precedent).  Using either analytical path, Rivas's prior offense is a CIMT.

An alien is eligible for cancellation of removal if, among other requirements, the alien has not been convicted of an offense under § 1227(a)(2), which relevantly includes any alien who is convicted of a CIMT.  *See* § 1229b(b)(1)(C); § 1227(a)(2)(A)(i).  Texas Penal Code § 38.02 does not categorically describe offenses involving moral turpitude.  *See Nino*, 690 F.3d at 694-95.  For example, a person violates § 38.02(a) by intentionally refusing to give his name, residential address, or birth date to a peace officer who has

arrested the person and asked for the information.  Such an offense does not involve dishonesty or lying, *see Omagah v. Ashcroft*, 288 F.3d 254, 260 (5th Cir. 2002), or "shock[ ] the public conscience as being inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general." *See Nino*, 690 F.3d at 694 (internal quotation marks and citation omitted).  Thus, even if, as described in *Silva-Trevino*, 24 I. & N. Dec. at 697-98, Rivas had produced a case showing § 38.02's application to conduct not involving moral turpitude, the BIA could not have categorically treated all convictions under § 38.02 as CIMTs.  *See Nino*, 690 F.3d at 694-95.

Because § 38.02 does not categorically describe CIMTs, a modified categorical approach is used to determine whether Rivas was convicted under a part of § 38.02 that describes a CIMT.  *See id.*  The record reflects that Rivas was convicted of the offense described in § 38.02(b).  A person violates § 38.02(b) by intentionally giving a false or fictitious name, residential address, or birth date to someone known to be a peace officer, who has lawfully arrested or detained the person or who has requested the information from a person believed to have witnessed a crime.  *See* § 38.02(b); *Green v. State*, 951 S.W.2d 3, 4 (Tex. Crim. App. 1997).  This offense involves dishonesty or lying and the government, to obtain a conviction, must prove that "the defendant acted . . . intentionally [to] deceive[] someone." *See Omagah*, 288 F.3d at 260.  Therefore, the offense is a CIMT for immigration purposes. *See id.*  Accordingly, the BIA did not err in finding that Rivas's prior conviction precluded him from seeking cancellation of removal under § 1229b(b)(1).

Rivas's petition for review is DENIED.