# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60770
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 29, 2014

Lyle W. Cayce
Clerk

JAVIER ORTIZ MACEDO, also known as Javier Ortiz,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 076 408

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:*

Javier Ortiz Macedo (Ortiz), a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals (BIA) finding him ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1). Ortiz argues that, contrary to the BIA's decision, his conviction under Texas Penal Code § 38.02(b) as enhanced by subsection (d)(2) is not for a crime involving moral turpitude (CIMT) under 8 U.S.C. § 1182(a)(2) and thus does not bar his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

eligibility for cancellation of removal.  He forgoes any challenge to the determinations that he was inadmissible and thus removable.  *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I), (a)(6)(A)(i); *Sharma v. Holder*, 729 F.3d 407, 411 n.1 (5th Cir. 2013).

Conviction of a CIMT under § 1182(a)(2) renders an alien ineligible for cancellation of removal.  § 1229b(b)(1)(C).  Texas Penal Code § 38.02 does not categorically describe offenses involving moral turpitude.  *See Nino v. Holder,* 690 F.3d 691, 694-95 (5th Cir. 2012) (construing § 1229b and 8 U.S.C. § 1227(a)(2)'s deportability CIMT, which parallels the CIMT of § 1182(a)(2), the provision that governs if removal is for inadmissibility).  Therefore, a modified categorical approach is used to determine whether Ortiz was convicted under a part of § 38.02 that describes a CIMT.  *See id.*

The record reflects that Ortiz was convicted of the offense described in § 38.02(b) as enhanced by subsection (d).  A person violates § 38.02(b) by intentionally giving a false or fictitious name, residential address, or birth date to someone he knows to be a peace officer, who has lawfully arrested or detained him or who has requested the information from a person believed to have witnessed a crime.  *See* § 38.02(b); *Green v. State*, 951 S.W.2d 3, 4 (Tex. Crim. App. 1997).  This offense involves dishonesty or lying and the Government, to obtain a conviction, must prove that the defendant acted with the intent to deceive.  *See Omagah v. Ashcroft*, 288 F.3d 254, 260 (5th Cir. 2002).  Therefore, Ortiz's offense of failure to identify while fugitive is a CIMT for immigration purposes.  *See id.*  We thus conclude that the BIA did not err in finding that the Texas conviction makes Ortiz ineligible for cancellation of removal under § 1229b(b)(1).  Consequently, the petition for review is DENIED.