### J. H. M. RATCLIFF v. THE STATE.

*No. 3621.    Decided December 13.*

1. **Practice—Rules of the Supreme Court.**—The Supreme Court has the constitutional power to prescribe rules for the government of the Court of Appeals, and the rules so prescribed apply in criminal as well as in civil cases.

2. **Same—Statement of Facts.**—Rule 72a reads as follows: "When it becomes necessary to insert in a statement of facts any instrument in writing, the same shall be copied into the statement of facts before it is signed by the judge, and instruments therein referred to and directed to be copied shall not be deemed a part of the record." And rule 82a of the Supreme Court prohibits the clerk of the lower court from copying into the statement of facts incorporated in the record any written instrument not contained in the original certified statement; and a violation of this rule subjects the clerk to punishment for contempt of the appellate court.

3. **Same.**—It is beyond the power of this court by certiorari to require the clerk of the trial court to send up a statement of facts containing copies of instruments introduced in evidence but not contained in the original certified statement.

4. **Forgery—Fact Case.**—Failing to prove the venue of the offense as alleged in the indictment, or to bring up in the transcript the alleged forged instrument, the evidence as disclosed by this record is insufficient to support the conviction.

APPEAL from the District Court of Smith. Tried below before Hon. F. J. McCord.

The opinion sufficiently discloses the case. The penalty assessed by the verdict was a term of seven years in the penitentiary.

*J. F. Onion,* and *J. O. Wiley,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WILLSON, JUDGE.—This is a conviction for forgery. There is in the record a statement of facts agreed to by the counsel in the case and duly certified by the trial judge. It appears from said statement that upon the trial the alleged forged instrument and a certain letter and postal card were read in evidence by the State, but said written instruments were not set forth in said statement. It was left for the clerk to copy said instruments into the statement when he should prepare the transcript, but he did not do so.

The Assistant Attorney-General moves to amend said statement of facts by filing as a part thereof certified copies of said written instruments, counsel agreeing that said copies may be treated as if brought up by certiorari, but counsel for defendant contend that the statement of facts as contained in the record can not be added to or amended by making said copies a part of said statement, but that this case must be heard and determined upon the statement of facts as agreed to and approved and as it appears in the transcript.

We are of opinion that counsel for the defendant are correct in this position. It was not the duty of the clerk to copy said instruments into the statement of facts in the transcript. If he had done so he would have violated a plain rule prescribed by our Supreme Court. Rule 82a, 71 Texas. He would have subjected himself to punishment for a contempt of this court, and this court would also have stricken out the copies of said instruments from the statement of facts. Thurman v. Blankenship, decided by the Supreme Court at the Tyler Term, 1890. Rule 72a prescribes as follows: "When it becomes necessary to insert in a statement of facts any instrument in writing the same shall be copied into the statement of facts before it is signed by the judge, and instruments therein referred to and directed to be copied shall not be deemed a part of the record." 71 Texas.

The rules above cited are applicable in criminal as well as in civil cases, and are for the government of appeals to this as well as to the Supreme Court. The Supreme Court has the constitutional power to prescribe rules for the government of this court such as the rules cited. Const., art. 5, sec. 25.

In effect the motion of the Assistant Attorney-General is for a certiorari

to perfect the record. In such case it is expressly declared that this court shall be governed by the rules prescribed for the Supreme Court. Rule 76 for Court of Appeals, 2 Texas Ct. App., 645. This court would act in violation of the rules prescribed by the Supreme Court were it to order the clerk of the trial court to send up a copy of the statement of facts containing copies of the instruments therein referred to. It would be equally a violation of the rules to permit the statement of facts to be here perfected by considering as a part thereof the instruments referred to therein. We therefore refuse to grant the motion of the Assistant Attorney-General.

Considering the case upon the statement of facts as we find it in the record, the conviction is without evidence to support it, because the venue of the offense is not shown, and because the alleged forged instrument is not before us as evidence; wherefore the judgment is reversed and the cause is remanded.

Other questions are presented and urged by counsel for defendant which we do not feel bound to determine, as on another trial they may not arise; we therefore refrain from any expression of opinion upon them.

*Reversed and remanded.*

Judges all present and concurring.