Sylvia Ann LEDESMA, Appellant,

v.

The STATE of Texas, Appellee.

Christine MENDEZ, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 3–82–254–CR(T), 3–82–255–CR(T).

Court of Appeals of Texas, Austin.

May 18, 1983.

Discretionary Review Granted Sept. 21, 1983.

Malcolm Greenstein, Greenstein & Kolker, Austin, for appellants.

Margaret Moore, County Atty., Austin, for appellee.

Before SHANNON, POWERS and GAMMAGE, JJ.

SHANNON, Justice.

Appellants Sylvia Ledesma and Christine Mendez appeal from judgments of conviction for failure to identify themselves to a peace officer which judgments were rendered after bench trials in the County Court at Law No. Three of Travis County. The court assessed punishment by fines of one hundred twenty-five dollars respectively. This Court will reverse the judgments.

Appellants complain that the court erred in denying appellants' motions to dismiss the respective complaints for failure to allege that appellants knew or had knowledge that the person requesting their names and addresses was a peace officer. Texas Pen. Code Ann. § 38.02(a) (1974) provides:

[a] person commits an offense if he intentionally refuses to report or gives a false report of his name and residence address to a peace officer who has lawfully stopped him and requested the information.

The complaints allege that appellants "did then and there intentionally refuse to report [their] name[s] and residence address[es] to a peace officer, to-wit: Officer Lasley # 898, who had lawfully stopped [them] and requested the information...."

.All parties agree that knowledge by the accused that the person requesting identification is a peace officer constitutes an element of the offense. The State, however, contends that the word "intentionally" in the complaint provides the necessary intent not only for the refusal to give the information, but also for knowing that the person requesting the information is a peace officer. In order to intentionally refuse to give information to a peace officer, argues the State, one must necessarily know that the person *requesting* the information is a peace officer. For purposes of this opinion,

this Court will assume the State's argument is correct.

Appellants' second ground of error attacks the sufficiency of the evidence. Appellants complain there is no evidence that they knew Officer Lasley was a peace officer. The stipulated statement of facts is as follows:

MR. GREENSTEIN [Counsel for appellants]: We would enter the following stipulation to the record that on or about April 22, 1978, the Defendants, Sylvia Ledesma and Christine Mendez were protesting the boat races on Town Lake, Austin, Travis County, Texas. During that protest both Defendants were arrested for failure to obey a lawful order to get off the street by Officer Lasley. Both were asked their names and address by Officer Lasley and both people refused to report their names and address to Officer Lasley, who lawfully stopped them and requested the information.

In regard to Ms. Mendez, prior to the time she had been requested to give her name and address to Officer Lasley, she had given her name and address to another officer who was not the officer who arrested her. And that's it.

■ This Court has discovered no rules governing stipulated facts in misdemeanor cases,[1] and we therefore refer to the Rules of Civil Procedure. In the civil practice there are two types of stipulations. First, there are stipulations in which the parties agree to some, but not all, facts in a case; or agree to what a witness' testimony would be if he had appeared and testified. In such situations, reasonable deductions or inferences may be drawn from the facts set out in the stipulation. *Farah v. First Nat. Bank of Fort Worth,* 624 S.W.2d 341 (Tex. App.1981, writ ref'd n.r.e.); *Parsons v. Watley,* 492 S.W.2d 61 (Tex.Civ.App.1973, no writ). Second, there are those stipulations governed by Tex.R.Civ.P.Ann. 263 (1976) by which the parties submit an agreed case. An agreed case is in the nature of a special verdict wherein the parties agree there are no disputed facts and each requests a judg-

1. Stipulations in felony cases are governed by    Tex.Code Cr.P.Ann. art. 1.15 (1977).

ment, as a matter of law, from the agreed facts. *Hutcherson v. Sovereign Camp, W.O.W.,* 112 Tex. 551, 251 S.W. 491 (Tex. 1923); *Merrimack Mutual Fire Insurance Co. v. McCaffree,* 486 S.W.2d 616 (Tex.Civ. App.1972, writ ref'd n.r.e.). No deductions or inferences may be drawn from the facts set out in an agreed case. *Merrimack Mutual Fire Insurance Co. v. McCaffree, supra.*

If a stipulation does not meet all of the requirements of Rule 263, it will be considered as if it complied with the rule, providing all facts were stipulated and the trial court treated the stipulation as an agreed case. *Cobb v. Harrington,* 144 Tex. 360, 190 S.W.2d 709 (Tex.1945); *Henry S. Miller Co. v. Wood,* 584 S.W.2d 302 (Tex.Civ.App. 1979), aff'd, 597 S.W.2d 332 (Tex.1980); 4 McDonald's, Texas Civil Practice § 16.03 (1971). At the beginning of the proceedings under review, the court stated that, "[t]his case apparently will be tried on a stipulation of facts." Furthermore, no other evidence was introduced. It seems, therefore, that these cases were submitted as agreed cases thereby prohibiting any deductions or inferences to be drawn from the stipulated facts.

Upon examination of the stipulation, it is apparent that there is no evidence that appellants knew the arresting officer was, in fact, a peace officer. As knowledge is an element of the offense, the evidence is insufficient to support the convictions.

The judgments are reversed and reformed to reflect acquittals.