Sylvia Ann LEDESMA, Appellant,

v.

The STATE of Texas, Appellee.

Christine MENDEZ, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 682–83, 683–83.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 26, 1984.

**530**

Malcolm Greenstein, Austin, for appellants.

James L. McMurtry, Former County Atty., Joseph A. Turner, Former Asst. County Atty., Margaret Moore, County Atty., Claire S. Dawson-Brown, Asst. County Atty., Robert Huttash, State's Atty., and Alfred Walker, First Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

After trial before the court, appellants' were convicted of failing to identify themselves to a peace officer and assessed punishment by fine of one hundred twenty-five dollars each. In a published opinion, the Austin Court of Appeals reversed the convictions on the basis of insufficient evidence. *Ledesma v. State*, 652 S.W.2d 579 (Tex.App.—Austin 1983). We granted the State's petition for discretionary review to review the Court of Appeals' construction of these cases as "agreed" cases governed by Rule 263 of the Texas Rules of Civil Procedure [1] and the resultant holding that the evidence is insufficient to show that appellants' knew that the person requesting them to identify themselves was a peace officer.

V.T.C.A., Penal Code, Section 38.02, provides in pertinent part:

"(a) A person commits an offense if he intentionally refuses to report or gives a false report of his name and residence address to a peace officer who has lawfully stopped him and requested the information."

Appellants' cases were tried under a stipulation of evidence, which is as follows:

"MR. GREENSTEIN: (Appellants' Counsel) We would enter the following stipulation to the record that on or about April 22, 1978, the Defendants, Sylvia Ledesma and Christine Mendez were protesting the boat races on Town Lake, Austin, Travis County, Texas. During that protest both Defendants were arrested for failure to obey a lawful order to get off the street by Officer Lasley. Both were asked their names and address by Officer Lasley and both people refused to report their names and address to Officer Lasley, who lawfully stopped them and requested the information.

In regard to Ms. Mendez, prior to the time she had been requested to give her name and address to Officer Lasley, she had given her name and address to another officer who was not the officer who arrested her. And that's it."

Finding "no rules governing stipulated facts in misdemeanor cases" to govern ap-

---

**1.** Rule 263, Agreed Case: Parties may submit matters in controversy to the court upon an agreed statement of facts filed with the clerk, upon which judgment shall be rendered as in other cases, and such agreed statement signed and certified by the court to be correct and the judgment rendered thereon shall constitute the record of the cause. Texas Revised Civil Statutes.

pellants' claim that the evidence was insufficient to prove that they knew that the person requesting them to identify themselves was a peace officer, the Court of Appeals referred to the Rules of Civil Procedure for guidance and held:

"In the civil practice there are two types of stipulations. First there are stipulations in which the parties agree to some, but not all, facts in a case ... [i]n such situations, reasonable deductions or inferences may be drawn from the facts set out in the stipulation. [citations omitted.] Second, there are those stipulations governed by Tex.R.Civ.P.Ann. 263 (1976) by which the parties submit an agreed case.... No deductions or inferences may be drawn from the facts set out in an agreed case....

"At the beginning of the proceedings under review, the court stated that, '(t)his case apparently will be tried on a stipulation of facts.' Furthermore, no other evidence was introduced. *It seems, therefore, that these cases were submitted as agreed cases thereby prohibiting any deductions or inferences to be drawn from the stipulated facts.*

"Upon examination of the stipulation, it is apparent that there is no evidence that appellants knew the arresting officer was, in fact, a peace officer." 652 S.W.2d at 580, 581. (Emphasis supplied)

■ We find that the Court of Appeals was in error in applying the "agreed" case analysis to the instant cases. Although the "agreed" case procedure has been used in criminal jurisprudence in other jurisdictions, the agreed case procedure is most often used in "misdemeanor prosecutions arising from violations of regulatory statutes...." 3 Am.Jur.2d, *Agreed Case*, Section 7 (1962), and cases cited therein. Unlike the civil cases in which the agreed case procedure is commonly used, and unlike misdemeanor prosecutions involving regulatory statutes which usually impose "strict" liability, most penal statutes require proof of scienter or *mens rea* in

order to convict. Absent a judicial confession, the requisite culpable mental state must ordinarily be inferred from the acts of the accused or the surrounding circumstances. See generally LaFave and Scott, Criminal Law, Section 28 (1972). It would be inconceivable that a trier of fact could not make inferences from stipulated facts.[2]

■ Under traditional analysis, viewing the evidence in the light most favorable to the judgment to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, *Wilson v. State*, 654 S.W.2d 465 (Tex.Cr.App.1983), we find the stipulated evidence sufficient to show that appellants knew that the person who had lawfully stopped them and requested information was a peace officer. A rational trier of fact would surely be warranted in inferring as much from the stipulation acknowledging a "lawful arrest" (which is most often effected by a peace officer) and specifically referring to "another officer."

In its petition for discretionary review, the State argues that our determination of evidence sufficiency herein is unnecessary because the statute does not require knowledge by the accused that the person requesting the information is a peace officer. We disagree. The State's construction of Section 38.02 would obligate a person to identify himself to any stranger who stops him and asks for his name and address, because failing to answer could result in penal sanctions being imposed if the interrogator turns out to be a peace officer. Just such a lack of definiteness and certainty implicating considerations of First Amendment liberties, freedom of movement, and the right to privacy would unnecessarily render this simple "stop-and-identify" statute unconstitutionally vague. See, *Kolender v. Lawson*, 461 U.S. 352, —— ——, 103 S.Ct. 1855, 1858–1859, 75 L.Ed.2d 903, 909–910.

■ In order to require definiteness and certainty in the statute we hold that in

---

**2.** The writer acknowledges the fine research and text on the agreed case procedure contribut-

ed by Judge Tom Davis in an earlier draft of this opinion.

order to convict a citizen for "Failure to Identify as Witness", the State must *plead and prove* that the defendant who refused to identify himself knew that the person requesting the information was a peace officer. Thus, the elements of the offense are:

(1) A person,

(2) intentionally refuses to report or gives a false report of his name and residence address,

(3) to a peace officer,

(4) who has lawfully stopped him and requested the information,

(5) knowing that the person requesting the information is a peace officer.

The opinion of the Court of Appeals is reversed, and the causes remanded for consideration of appellants' first ground of error in a manner consistent with this opinion.

TOM G. DAVIS, Judge, concurring and dissenting.

I concur in the majority's holding that the "agreed case" analysis relied upon by the Court of Appeals is improper. I also agree to that portion of the majority opinion which holds that the State must prove that a defendant knew the person requesting information was a peace officer in order to sustain a conviction under V.T.C.A. Penal Code, Sec. 38.02.

I dissent to the majority opinion because the evidence is insufficient to show that appellants knew that the person who had stopped them and requested information was a peace officer. I cannot agree that such knowledge can be inferred from the portions of the stipulation relied on by the majority in determining sufficiency. The majority's entire analysis of the sufficiency of the evidence on this point is as follows:

"A rational trier of fact would surely be warranted in inferring [that appellants knew the person who had stopped them was a peace officer] from the stipulation

acknowledging a 'lawful arrest' (which is most often effected by a peace officer) and specifically referring to 'another officer.' "

The lawfulness of the stop is a different element of the offense, which appellants chose not to dispute. Furthermore, the lawfulness of a stop is determined objectively, after the fact, and a concession by appellants at trial that the stop was lawful is no evidence that they knew the person stopping them was a peace officer. The lawfulness of a stop does not depend on whether the person stopped knew he was being stopped by a peace officer. The stop in the instant case was lawful because appellants were committing an offense in the officer's presence by blocking a public street during a protest. See Art. 14.01(b), V.A.C.C.P.

The reference to "another officer" in the stipulation, when read in context, also does not supply the necessary inference. Appellants conceded at trial that the person who stopped them was "Officer Lasley" and that prior to the time one of the appellants "had been requested to give her name and address to Officer Lasley, she had given her name and address to *another officer* who was not the officer who arrested her." The term "officer" used throughout the stipulation merely reflects identification after the fact, i.e., the person who stopped them is identified as "Officer Lasley" and "another officer" (a different person) had previously requested information.[1] Thus it does not follow from the stipulation that "Officer Lasley" stopped appellants and that "another officer" had previously stopped one appellant, that appellants knew *at the time they were stopped* that the person stopping them was an officer. The stipulation merely reflects that appellants knew *at trial* that the person was "Officer Lasley" and identified him as such.

---

1. It is interesting that appellant Mendez was willing to identify herself to "another officer" but not to "Officer Lasley." This might show that appellant did not in fact know that "Officer Lasley" was a peace officer.

The evidence is insufficient to sustain the convictions. I dissent.

ODOM and TEAGUE, JJ., join in this opinion.

CLINTON, Judge, dissenting.

In my judgment, the "agreed case" problem is knottier than any contemporaneous opinion has thus far indicated, and it needs to be addressed.

Article V, Sec. 25 is an obscure provision in our Texas Constitution that is often overlooked. It grants to the Supreme Court "power to make and establish rules of procedure not inconsistent with the laws of this State for the government of said court and the other courts of this State ..." Equally little regarded is an opinion of the Court respecting that provision: *Sessions v. State*, 81 Tex.Cr.R. 424, 197 S.W. 718 (1917). It has not been overruled, according to Shepard's Texas Citations.

The *Sessions* Court read Section 25 to include the Court of Criminal Appeals within a governance of rules of procedure made by the Supreme Court of Texas, and it acknowledged that indeed the Supreme Court had done so on at least one prior occasion. It also noted that the Supreme Court had made rules for the district court "for the purpose of directing the manner of preparing transcripts for appeal to this court." See, e.g., *Ratcliff v. State*, 29 Tex. App. 248, 15 S.W. 596 (1890): "The rules above cited are applicable to criminal as well as civil cases, and are for the government of appeals to this as well as to the supreme court." *Id.*, 597.

Accordingly, the considered application of Rule 263 by the Austin Court of Appeals ought not now be rejected out of hand. That court is, after all, bound by rules established by the Supreme Court.

All that aside, however, Article 40.09, V.A.C.C.P., Section 11, itself, provides for an "agreed statement" of "the facts proven" such that an appellate court may "determine whether there is error in the trial." The Austin Court of Appeals has made that determination, and I am not persuaded that

this is a case wherein it is appropriate to substitute our collective judgment for that of three judges of the court of appeals. See *Wilson v. State*, 654 S.W.2d 465, 470 (Tex.Cr.App.1983) (Clinton, J., dissenting).

Therefore, I respectfully dissent.