REESE v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-0158-CR

SHARANNA LEE REESE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Sharanna Lee Reese appeals her conviction for recklessly causing serious bodily injury to a child younger than fifteen years of age.  The jury found Appellant guilty and assessed her punishment at ten years’ confinement.  The trial court sentenced her accordingly.  In a single issue, Appellant contends that the evidence is legally and factually insufficient to support her conviction.  We affirm. 

FACTUAL BACKGROUND

In May of 2004, Appellant and her boyfriend at the time, William Bales, and Appellant’s two children went to Lake Granbury.  The group traveled to the lake in Appellant’s Ford Probe.  Appellant’s son Rylan, who was ten months old, and her daughter, Shaylee, who was two years old, played, while, according to Bales, he and Appellant smoked marijuana and drank a twelve-pack of beer. 

As the sun began to set, a woman from another campsite invited Appellant, Bales, and the children over to her campsite.  Bales testified that at the campsite, he and Appellant continued to smoke marijuana and drink beer with the five new people they had met.  Appellant testified that she did not smoke marijuana, nor did she witness any marijuana being smoked.

They stayed at the campsite for approximately three hours and then returned to Appellant’s car to sleep.  Bales testified that the two children were in the backseat, Appellant was in the passenger seat, and he was in the driver’s seat.  Rylan was acting restless and was upset and crying.  Appellant was trying to calm him down from the front seat, but he continued to cry.  Bales testified that he could tell that Appellant was getting frustrated and she was swearing under her breath.  He also testified that he heard a loud “thud” from the backseat, Rylan’s cries stopped for a split second, and then he began crying again.  Three or four days later, Appellant noticed a soft spot on Rylan’s head, and she and Bales took Rylan to Walls Hospital in Cleburne.  Rylan was transferred to Cook Children’s Hospital (Children’s) in Fort Worth. Rylan had suffered a complex skull fracture.

Appellant gave a statement to police that gave two possible explanations for the injury to Rylan’s head.  She stated that the injury might have been caused by a fall when Rylan was trying to walk unsupported, lost his balance, and hit his head on a bookshelf.  She also stated that the injury might have occurred when her cousin sat Rylan down in a chair, and Rylan flipped over onto his head.  On June 1, 2004, Appellant agreed to submit to a polygraph examination.  Andy Shepard, the polygraph examiner, testified that during the pre-test interview, Appellant “began to admit that she may have caused the injuries to Rylan’s head by describing an incident that occurred at Lake Granbury.”  A polygraph examination was never conducted.  After the pre-test interview, Shepard escorted Appellant to a conference room where she spoke with a detective, and she gave a second written statement, in which she described how she “unintentionally hit [Rylan’s] head on the arm rest” the night at the lake. 

DISCUSSION

In a single issue, Appellant contends that the evidence is legally and factually insufficient to support her conviction for the offense of injury to a child. 

1. Standards of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

The sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case.  
Malik v. State
, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); 
Ortiz v. State
, 993 S.W.2d 892, 895 (Tex. App.—Fort Worth 1999, no pet.).  Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict the State’s theories of liability, and adequately describes the particular offense for which the defendant was tried.  
Gollihar v. State
, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001); 
Malik, 
953 S.W.2d at 240.  The law as authorized by the indictment means the statutory elements of the charged offense as modified by the charging instrument.  
See Curry
, 30 S.W.3d at 404.  
The standard of review is the same for direct and circumstantial evidence cases.  
Burden v. State
, 55 S.W.3d 608, 613 (Tex. Crim. App. 2001); 
Kutzner v. State
, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) when the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment and, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
. 

In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

2. Applicable Law

The statute under which Appellant was indicted provides: 

A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly, or recklessly by omission causes to a child, elderly individual, or disabled individual. . .serious bodily injury. . . .

Tex. Penal Code Ann.
 § 22.04 (Vernon Supp. 2005).  Appellant was indicted and convicted for recklessly causing serious bodily injury to a child.  A person acts recklessly when he is aware of, but consciously disregards, a substantial and unjustifiable risk that the circumstances exist or the result will occur.  
Tex. Penal Code Ann.
 § 6.03(c) (Vernon 2003).  The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor’s standpoint.  
Id.
  Thus, the actor must have been aware of the risk surrounding his conduct or the result of his conduct, but consciously disregarded that risk.  
Montoya v. State
, 744 S.W.2d 15, 29 (Tex. Crim. App. 1987), 
cert. denied
, 487 U.S. 1227 (1988); 
Davis v. State
, 955 S.W.2d 340, 348-49 (Tex. App.—Fort Worth 1997, pet. ref’d). 

Injury to a child is a result-oriented offense.  
Bowden v. State
, 166 S.W.3d 466, 470 (Tex. App.—Fort Worth 2005, pet. ref’d).  Thus, it is not enough for the State to prove that the defendant engaged in the alleged conduct with the requisite criminal intent; the State must also prove that the defendant caused the result with the requisite criminal intent.  
Bowden
, 166 S.W.3d at 470
; Lee v. State
, 21 S.W.3d 532, 540 (Tex. App.—Tyler 2000, pet. ref’d).  Proof of a culpable mental state almost invariably depends upon circumstantial evidence.  
Morales v. State
, 828 S.W.2d 261, 263 (Tex. App.—Amarillo 1992), 
aff’d
, 853 S.W.2d 583 (Tex. Crim. App. 1993).  Ordinarily, the culpable mental state must be inferred from the acts of the accused or the surrounding circumstances, which include not only acts, but words and conduct.  
Ledesma v. State
, 677 S.W.2d 529, 531 (Tex. Crim. App. 1984); 
Morales
, 828 S.W.2d at 263.

3. Analysis

The evidence presented establishes that Rylan suffered a skull fracture.  Dr. Britton M. Devillier testified that the type of injury that Rylan sustained involved a risk of death.  The evidence presented shows that Appellant initially gave only two possible causes for the skull fracture to Rylan’s head when officers questioned her at Children’s.  Then, when Appellant was scheduled to submit to a polygraph examination regarding Rylan’s injury, she provided a third explanation for the injury—the incident that occurred at the park at Lake Granbury.  Dr. Devillier also testified that, based on the type of fracture Ryland sustained, it was more likely than not that his injury was not caused by falling on the floor or against the bookshelf.

The jury also heard differing variations of what occurred at Lake Granbury that evening.  Appellant testified she did not smoke marijuana, while Bales testified that she did.  She also testified that she was not drunk; however, Bales testified that she drank more than six beers.  Appellant testified that they took food with them to the park at Lake Granbury that day, but Bales testified that they did not bring food because they did not plan on staying the night there.  Bales testified that Appellant was angry and frustrated with Rylan and that she laid him in the seat with a “thud.”  Appellant testified that she did not remember Bales being in the car with her when she was trying to get Rylan to go to sleep; however, he testified that he was in the car.  According to Appellant, she laid Rylan down twice, and each time he got up again, but the third time she laid him down, he hit his head on the armrest “very, very lightly.”  Dr. Devillier testified that the amount of force required to cause the type of injury that Rylan sustained would be much more force than the child himself could generate in hitting his head against the armrest, but it could have been caused by someone slamming his head against the armrest.

In performing our legal sufficiency review, we must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry
, 30 S.W.3d at 406.  We hold that the evidence, when viewed in the light most favorable to the verdict, supports a determination beyond a reasonable doubt that Appellant was aware of, but consciously disregarded, a substantial and unjustifiable risk that an injury would occur after forcing the child into the backseat.

In performing our factual sufficiency review, we give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Zuniga
, 144 S.W.3d at 481.  When viewed neutrally, the evidence is not so obviously weak or so greatly outweighed by contrary proof that it would not support the finding of guilty beyond a reasonable doubt.  We overrule Appellant’s sole issue. 

CONCLUSION

Having overruled Appellant’s sole issue, we affirm the trial court’s judgment.

PER CURIAM

PANEL B:  HOLMAN, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  April 20, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.