# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00488-CR

**Demetriat Rochaan Pleasant, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 57471, HONORABLE JOE CARROLL, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant Demetriat Rochaan Pleasant pleaded guilty to aggravated sexual assault of a child. *See* Tex. Pen. Code Ann. § 22.021 (West Supp. 2005). The court adjudged him guilty and assessed punishment at thirty years' imprisonment. In his only point of error, appellant contends that the evidence is legally insufficient to support the conviction. We overrule this contention and affirm the conviction.

In Texas, a defendant cannot be convicted of a felony solely on his plea of guilty. Instead, the State must introduce sufficient evidence to show the defendant's guilt. Tex. Code Crim. Proc. Ann. art. 1.15 (West 2005). In this case, the State's evidence was appellant's written judicial confession that, at the time and place in question, he "did then and there contact and penetrate the female sexual organ of [Q. M.], a child less than 14 years of age and not my spouse, with my sexual

organ." Appellant urges that this confession does not support the conviction because it omits the required culpable mental state. *See* Tex. Pen. Code Ann. § 22.021(a)(1)(B).[1]

We believe that this cause is analogous to *Ledesma v. State*, 677 S.W.2d 529 (Tex. Crim. App. 1984). In that case, the defendants were convicted of failing to identify themselves to a police officer after a trial on stipulated evidence. *Id*. at 530. The stipulation did not expressly state that the defendants knew that the person questioning them was a police officer, and the question on appeal was whether that fact could be inferred from the stipulation. *Id*. at 530-31. The court of criminal appeals held that this element of the offense could be inferred from the stipulated facts. *Id*. at 531.

Similarly, we conclude that a rational trier of fact could infer from the judicial confession that appellant intentionally or knowingly engaged in the conduct to which he confessed. Intent can be inferred from the acts of the accused. *Dues v. State*, 634 S.W.2d 304, 305 (Tex. Crim. App. 1982). In a prosecution for sexual assault, evidence of a completed act of penetration will support an inference that the act was intentional. *Caldwell v. State*, 477 S.W.2d 877, 878 (Tex. Crim. App. 1972); *Koffel v. State*, 710 S.W.2d 796, 801 (Tex. App.—Fort Worth 1986, no pet.). Appellant's judicial confession that he contacted and penetrated the complainant's sexual organ with his sexual organ rationally supports the inference that he acted intentionally.

---

[1] The indictment, to which appellant did not object, also failed to allege a culpable mental state. *See* Tex. Code Crim. Proc. Ann. art. 1.14(b) (West 2005).

We conclude that article 1.15 was satisfied and that the evidence is legally sufficient to sustain the conviction.  The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed:   August 4, 2006

Do Not Publish

3