

IN THE
TENTH COURT OF APPEALS

No. 10-14-00134-CR

MICHAEL DAVID FREDRICKSON,

                                                            Appellant

 v.

THE STATE OF TEXAS,

                                                            Appellee

From the 21st District Court
Burleson County, Texas
Trial Court No. 14,371

MEMORANDUM OPINION

Michael David Fredrickson was convicted of injury to a child and sentenced to 20 years in prison. *See* TEX. PENAL CODE ANN. § 22.04 (West 2011). Because the evidence is sufficient to support the culpable mental state for the offense, the trial court's judgment is affirmed.

**BACKGROUND**

Fredrickson, his 13 month old child, A.F., A.F.'s three year old sibling, and the children's mother lived in two rooms of a hotel. After putting the children down for a

nap, Fredrickson awoke 30 minutes later to find A.F. face down in the bathtub. Law enforcement officers and EMS responded to the hotel because A.F. was not breathing. After trying to resuscitate A.F. at the scene, EMS transported A.F. to the hospital where emergency room personnel were unsuccessful in reviving A.F.

## ABATE FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW

Fredrickson first contends that we must abate this proceeding because the trial court failed to prepare and file findings of fact and conclusions of law after a request by Fredrickson following a partial denial of his two motions to suppress. The Court of Criminal Appeals has held that a trial judge, upon the request of the losing party, must make findings of fact and conclusions of law adequate to provide an appellate court a basis for reviewing the ruling's correctness. *State v. Mendoza*, 365 S.W.3d 666, 670 (Tex. Crim. App. 2012); *State v. Cullen*, 195 S.W.3d 696, 698-99 (Tex. Crim. App. 2006). We abated this appeal for findings of fact and conclusions of law, which the trial court has supplied, and gave Fredrickson time to file a supplemental brief raising any issue regarding these findings and conclusions. To this date, he has not filed a supplemental brief. Fredrickson's first issue is dismissed as moot.

## SUFFICIENCY OF THE EVIDENCE

Fredrickson also contends the evidence is insufficient to support his conviction for injury to a child by recklessly causing serious bodily injury to A.F. His specific complaint is with the lack of evidence to support the culpable mental state of recklessness.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can

choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

Under the Texas Penal Code, "[a] person commits an offense [of injury to a child] if he ... intentionally, knowingly, or recklessly by omission, causes to a child ... serious bodily injury...." TEX. PENAL CODE ANN. § 22.04(a)(1) (West 2011); *Jefferson v. State*, 189 S.W.3d 305, 312 (Tex. Crim. App. 2006). Injury to a child is a result-oriented offense requiring a mental state that relates not to the specific conduct but to the result of that conduct. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

A person acts recklessly or is reckless with respect to the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the result will occur. *Id*. "The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint." TEX. PENAL CODE ANN. § 6.03(c) (West 2011). If the actor was aware of the risk he was creating, and consciously disregarded that risk, however much he may have hoped that no harm would result, he was acting recklessly. *See Williams*, 235 S.W.3d at 751; *Young v. State*, 358 S.W.3d 790, 802 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). Direct evidence of the required mental state is not required. *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002). Instead, the required culpable mental state may be inferred from the surrounding circumstances. *Ledesma v. State*, 677 S.W.2d 529, 531 (Tex. Crim. App. 1984).

At the scene, Fredrickson contended that the injury to and resulting death of A.F. was his fault. He told officers that he put A.F. and A.F.'s three year old sibling down to take a nap. He sat them on a pallet in front of the T.V. while he went to the next room to take a nap. A crib was available in the first room but was not used. Fredrickson said he knew that the three year old child was capable of turning on the bathtub water and covering the drain so that the tub would hold water. He also said that he knew A.F. was capable of climbing into the bathtub. Fredrickson stated that he usually took the handles off the faucets to prevent the three year old from turning on the water but that he forgot this time.

The officers also testified that the hotel rooms were a mess, with wires and clothes everywhere and rotting food left out. They noticed pieces of oranges and peelings and cigarettes all over the floor. When EMS workers tried to intubate A.F., they could not because of chunks of oranges, some unpeeled, in his airway. They removed large amounts of orange chunks and pieces twice before the tube could be placed in his airway. During the autopsy, the medical examiner removed ten slices of miniature oranges from A.F.'s stomach.

The jury was charged with finding Fredrickson guilty of injury to a child if they believed from the evidence that Fredrickson was reckless by omission by leaving A.F. unattended or unsupervised after giving A.F. unpeeled fruit to eat *or* by leaving A.F. and his sibling unattended or unsupervised and failing to remove the faucet handles from the

bathtub.  Reviewing the evidence in the light most favorable to the verdict, the jury could

have at least found that Fredrickson acted recklessly because he was aware of the risk he

was creating by leaving the children unsupervised and not taking faucet  handles from

the bathtub and consciously disregarded that risk.  Accordingly, the evidence is sufficient

to support the verdict and Fredrickson's second issue is overruled.

**CONCLUSION**

Having dismissed Fredrickson's first issue as moot and overruled his second issue,

we affirm the trial court's judgment.


TOM GRAY
Chief Justice


Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed March 26, 2015
Do not publish
[CR25]

