**Opinion issued December 7, 2017**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00011-CR

## NO. 01-17-00012-CR

———————————

**JUAN JOSE SANCHEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Case Nos. 14-DCR-067551 and 14-DCR-067552

## O P I N I O N

A jury found Juan Jose Sanchez guilty of two separate offenses of fraudulent use of identifying information, and assessed his punishment at two years' confinement, probated for two years. *See* TEX. PENAL CODE § 32.51(b)(1). On

appeal, Sanchez contends that the State failed to introduce legally sufficient evidence to permit the jury to find beyond a reasonable doubt that he intended to defraud or harm the complainant. We affirm.[1]

## BACKGROUND

In separate indictments, the State alleged that Sanchez used the identifying information of Kim Pham without her consent. Sanchez was tried for both of these related offenses in a consolidated trial.

Kim Pham, her husband, Thai Pham, and Detective R. Fields of the Fort Bend County Sherriff's Office testified at trial. There were no other witnesses.

In 2014, the Phams discovered two checks fraudulently had been written on their joint checking account. The first check, number 125, was dated August 27 and negotiated on September 8. The second check, number 120, also was dated August 27, but it was negotiated on September 9. Both checks were written in the amount of $375, made out to Juan Jose Sanchez as the payee, signed in Kim's name as the drawer, and included a handwritten note indicating that the checks were for "Gutter Repair."

---

[1] This court previously affirmed the trial court's denial of Sanchez's pretrial habeas petition challenging the constitutionality of Section 32.51. *See Ex parte Sanchez*, Nos. 01-16-00180-CR & 01-16-00181-CR, 2016 WL 4253731 (Tex. App.— Houston [1st Dist.] Aug. 11, 2016, no pet.) (mem. op., not designated for publication).

Fields testified that the checks were negotiated at different bank branches. The bank identified one of its account holders, Sanchez, as the person who negotiated the checks. Fields confirmed Sanchez's identity and his involvement via his driver's license and bank surveillance photos. Fields concluded that the circumstances—two checks written out of sequence but dated the same day and written for the same amount—indicated fraud.

Kim and Thai Pham denied writing the checks. They testified that they did not have any work done on their gutters or on any property they owned during the relevant timeframe. They did not recognize Sanchez and had not authorized him to work on their property. The check numbers that they used during that period were much higher than numbers 120 and 125. Thai said that their checks were numbered in the 300s, 400s, or 500s; Kim said that their checks were at least in the 400s. Kim never gave Sanchez permission to use her checking account.

## DISCUSSION

Sanchez contends that the State did not prove his guilt beyond a reasonable doubt because it failed to adduce evidence that he intended to defraud or harm Kim Pham. In particular, Sanchez contends that "the State offered no evidence that Pham's checks were stolen and offered no evidence as to how" the checks came into Sanchez's possession.

## A.     Standard of review

We apply the legal standard for evidentiary sufficiency stated in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011); *Pena v. State*, 441 S.W.3d 635, 640 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). Under this standard, we "must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt." *Gear*, 340 S.W.3d at 746. We cannot substitute our judgment for that of the jury by reevaluating the weight or credibility of the evidence; instead, we defer to the jury's resolution of conflicts in the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

Direct and circumstantial evidence are equally probative. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015). Circumstantial evidence alone may be enough to uphold a conviction, provided that the cumulative force of all the incriminating circumstances suffices to support the conviction. *Id.* A jury ordinarily must draw inferences about a defendant's intent or state of mind from the evidence concerning his actions and the surrounding circumstances. *Ledesma v. State*, 677 S.W.2d 529, 531 (Tex. Crim. App. 1984); *Tottenham v. State*, 285 S.W.3d 19, 28 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). Thus, the State may prove an

intent to defraud or harm by circumstantial evidence. *Burks v. State*, 693 S.W.2d 932, 936–37 (Tex. Crim. App. 1985); *Tottenham*, 285 S.W.3d at 28.

## B.    Applicable law

A person commits the offense of fraudulent use of identifying information if he: (1) obtains, possesses, transfers, or uses an item of identifying information of another person; (2) without the other person's consent; and (3) with the intent to harm or defraud. TEX. PENAL CODE § 32.51(b)(1); *see Grimm v. State*, 496 S.W.3d 817, 822 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Identifying information includes bank account numbers. TEX. PENAL CODE § 32.51(a)(1)(C).

## C.    Analysis

Sanchez disputes the third element of the offense—intent to defraud or harm. The jury heard evidence that Sanchez negotiated two checks made out to him for gutter repairs. Though both checks were dated August 27, he negotiated them on two different dates—September 8 and September 9—at different bank branches. Kim, the purported signatory and drawer on the checks, denied signing them. Both she and her husband testified that they did not recognize Sanchez, did not hire him, and did not have any gutter or other work done on their property during this timeframe. The record is devoid of evidence that Sanchez performed any services for the Phams. Based on this evidence, reasonable jurors could have found beyond a reasonable doubt that Sanchez did not repair the Phams's gutters and drawn the

inference that Sanchez negotiated the two checks from their joint account, knowing that he had not done any work for them, and therefore intended to defraud or harm them.

Sanchez contends that there is no evidence that the Phams's checks were stolen. Both Kim and Thai testified, however, that they keep their checkbooks in a bedroom drawer at home and that they had not lost them. How Sanchez came to have the two checks he negotiated is unknown; the jury heard no evidence on this subject. But the circumstances under which Sanchez came into possession of the checks is not an element of the offense. *See* TEX. PENAL CODE § 32.51(b)(1); *Grimm*, 496 S.W.3d at 822. Detective Fields testified that Sanchez negotiated these two checks. The Phams testified that they did not write the checks and neither knew Sanchez nor hired him to perform any work, including gutter repairs. This evidence was sufficient to establish the offense's elements, including intent to defraud or harm.

Finally, Sanchez contends that had he intended to defraud or harm the Phams, he would not have presented their checks to his own bank under his own name and driver's license number. Having done so, he argues that the only reasonable explanation is that "he believed the checks to be genuine and had no intent to harm or defraud anyone." He further posits that jury notes inquiring whether defense counsel's closing argument that Sanchez negotiated the checks for services rendered

was evidence and requesting to see still photographs from the bank's surveillance cameras show that the jury questioned his guilt. But the State is not required to disprove exculpatory explanations for a defendant's conduct that are a matter of credibility. *Ramsey*, 473 S.W.3d at 808 & n.3. It was the jury's role to assess the evidence and draw reasonable inferences from it. *Id.* at 810. The jury heard Sanchez's defense and did not credit it, as was its right as factfinder. *See id.*

In conclusion, viewing the combined and cumulative force of all the evidence in the light most favorable to the verdict, we hold that sufficient evidence supports Sanchez's convictions for fraudulent use of identifying information.

## CONCLUSION

We affirm the judgments of the trial court.


Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Higley and Bland.

Publish. TEX. R. APP. P. 47.2(b).